**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 11-cr-00406-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     MANUEL SANTISTEVAN,
2.     DANIEL SHAW,
3.     DUSTIN PFEIFFER,

      Defendants.

---

**ORDER DENYING MOTION TO QUASH SUBPOENA**

---

This matter is before the Court on the Motion to Quash Subpoena, filed on July 10, 2012, by Cecil Wilhelm. (Doc. # 211.) For the reasons that follow, the motion is denied.

## I. BACKGROUND

The defendants in this case are charged in a single-count Indictment with having committed aggravated sexual abuse of a federal prisoner, Trent Hix, in violation of 18 U.S.C. § 2241(a)(1). (Doc. # 1.) Although the Government did not charge Mr. Wilhelm as a defendant in this case, it has proffered evidence indicating that Wilhelm was present when the assault on Hix occurred and that he participated with Defendants Pfeiffer and Shaw in assaulting Government witness Ryan Greeves, which evidence the Court has previously deemed admissible.

However, following the assault charged in this case, Mr. Wilhelm made statements, recorded in an FBI report, which are exculpatory as to him and Defendant Pfeiffer. (*See* Doc. # 204-2.)  Accordingly, on July 6, 2012, Defendant Pfeiffer filed a motion for issuance of a subpoena to Mr. Wilhelm (Doc. # 204), which the Court subsequently granted (Doc. # 213).

On July 10, 2012, Wilhelm filed the instant motion to quash.  Through counsel, Wilhelm states that he will "assert his Fifth amendment right to remain silent" if called to testify.[1]  (Doc. # 211 at 2.)  In response, Defendant Pfeiffer acknowledges the "good faith of Mr. Wilhelm's assertion of his privilege against self-incrimination" but submits that "the trial court must decide in the first instance whether the witness' invocation of his Fifth Amendment privilege is justified."  (Doc. # 212 at 2-3.)

## II. DISCUSSION

A defendant's right to establish a defense by presenting his own witnesses is a fundamental component of due process.  *See, e.g.*, *Webb v. Texas,* 409 U.S. 95, 93 (1972); *United States v. Crawford*, 707 F.2d 447, 449 (10th Cir. 1983). Governmental interference with a defense witness's decision to testify violates a defendant's due process rights if such interference is substantial.  *Crawford*, 707 F.2d at 449.  Although it is true that, generally, "neither the prosecution nor the defense may call a witness knowing that the witness will assert his Fifth Amendment privilege against self-

---

[1] Additionally, Wilhelm's counsel submitted an affidavit in which she avers that, "[i]f called to testify in [this] matter[,] Mr. Wilhelm will assert his right to remain silent pursuant to the 5th amendment of the United States Constitution."  (Doc. # 204-3.)

incrimination," *id.*, "[w]hen a witness indicates that he will assert the fifth amendment privilege, the trial judge must make a proper and particularized inquiry into the legitimacy and scope of the witness' assertion of the privilege," *Gaskins v. McKellar*, 916 F.2d 941, 950 (4th Cir. 1990). "A witness may be totally excused only if the court finds that he could legitimately refuse to answer any and all relevant questions." *Id.*

In the instant case, in the absence of specific questions directed toward Mr. Wilhelm, the Court is unable to make a particularized inquiry into whether his blanket assertion of the Fifth Amendment is valid. Given Defendants' due process rights, and in light of the potentially exculpatory testimony of Mr. Wilhelm, the Court cannot grant his request to quash the subpoena without knowing specifically what questions would be put to him by counsel.

III. CONCLUSION

Accordingly, it is ORDERED that the Motion to Quash Subpoena (Doc. # 211) be DENIED.

DATED: July   13  , 2012

BY THE COURT:

_____

CHRISTINE M. ARGUELLO
United States District Judge

3